UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| BRENDA WILLIAMS, | ) |
| Plaintiff, | ) ) ) |
| vs. | )   Case No. 4:13-CV-260 (CEJ) |
| AT&T SERVICES, INC., | ) ) ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on the motion of defendant AT&T, pursuant to Fed.R.Civ.P. 12(b)(6), to dismiss the complaint for failure to state a claim. Plaintiff has not responded to the motion, and the time allowed for doing so has expired.

### I. Background

Plaintiff Brenda Williams was employed by defendant until her termination on December 10, 2009. Plaintiff claims that she was terminated because of her disability, in violation of the Missouri Human Rights Act (MHRA), Mo.Rev.Stat. § 213.010 *et seq.*, and the Americans with Disabilities Act (ADA), as amended, 42 U.S.C. § 12101 *et seq.* Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission which issued a right to sue letter on September 28, 2012. The Missouri Commission on Human Rights issued plaintiff a right to sue letter on October 5, 2012. Plaintiff filed this action in a Missouri state court on January 2, 2013. The action was thereafter removed to this Court, with the defendant invoking jurisdiction based on diversity of citizenship and federal question.

In its motion to dismiss, defendant argues that the plaintiff's ADA and MHRA claims are time-barred. Defendant also argues that plaintiff has not alleged sufficient facts to establish that she meets the definition of disabled under the ADA.

## II. Legal Standard

The purpose of a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure is to test the legal sufficiency of the complaint. The factual allegations of a complaint are assumed true and construed in favor of the plaintiff, "even if it strikes a savvy judge that actual proof of those facts is improbable." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 556 (2007) citing Swierkiewicz v. Sorema N.A., 534 U.S.506, 508 n.1 (2002); Neitzke v. Williams, 490 U.S. 319, 327 (1989) ("Rule 12(b)(6) does not countenance . . . dismissals based on a judge's disbelief of a complaint's factual allegations"); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974) (a well-pleaded complaint may proceed even if it appears "that a recovery is very remote and unlikely"). The issue is not whether the plaintiff will ultimately prevail, but whether the plaintiff is entitled to present evidence in support of his claim. Id.  A viable complaint must include "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp., 550 U.S. at 570; see also id. at 562-63 ("no set of facts" language in Conley v. Gibson, 355 U.S. 41, 45-46 (1957), "has earned its retirement."). "Factual allegations must be enough to raise a right to relief above the speculative level." Id. at 555.

## III. Discussion

### A. MHRA Claim

Defendant argues that plaintiff's MHRA claim is untimely because the alleged discriminatory acts occurred more than two years prior to the filing of this lawsuit. The statute of limitations for the MHRA requires that suits "shall be filed within ninety days from the date of the commission's notification letter to the individual *but no later than two years after the alleged cause occurred or its reasonable discovery by the alleged injured party*." Mo.Rev.Stat. § 213.111.1 (emphasis added).  This statute of limitations is strictly construed. Swartzbaugh v. State Farm Ins. Cos., 924 F. Supp. 932, 934 (E.D. Mo. 1995) (citing Hill v. John Chezik Imps., 797 S.W.2d 528, 530 (Mo. Ct. App. 1990)).

Plaintiff filed this action on January 2, 2013, more than four years after the termination of her employment. Thus, plaintiff's MHRA claim is time-barred, and defendant's motion to dismiss plaintiff's MHRA claim will be granted. Swartzbaugh, 924 F. Supp. at 925; Hill v. Sherwin-Williams Co., 4:11CV530 JCH, 2011 WL 1935844, at *2 (E.D. Mo. May 19, 2011).

### B.    ADA Claim

Defendant next argues that plaintiff's ADA claim is untimely because plaintiff did not bring this action within the ninety-day period following her receipt of the right to sue letter. A plaintiff bringing an ADA claim is required to file suit within ninety days of receiving a right to sue letter from the EEOC. See 42 U.S.C. § 2000e-5(f)(1). Generally, the ninety-day filing period beings to run on the day the right to sue letter is received at the most recent address that a plaintiff has provided to the EEOC. Hill v. John Chezik Imps., 869 F.2d 1122, 1124 (8th Cir. 1989). A presumption exists that the letter was received three days after its mailing. Baldwin Cnty. Welcome Ctr. v. Brown, 466 U.S. 147, 148 n. 1 (1984); Rich v. Bob Downes Chrysler-Plymouth, Inc., 831 F. Supp. 733, 735 (E.D. Mo. 1993).

In the present case, plaintiff alleges in the complaint that the EEOC issued the right to sue letter on September 28, 2012. Because plaintiff does not allege when she actually received the letter, receipt will be presumed to be three days after issuance. See Rich, 831 F. Supp. at 735. Thus, the ninety-day filing period expired on December 30, 2012. However, plaintiff filed this action on January 2, 2013; ninety-three days after presumed receipt of notice. See Euell v. Potter, 4:06-CV-1154 CAS, 2007 WL 1704934, at *3 (E.D. Mo. June 12, 2007) ("Courts apply the ninety-day time limit strictly and will dismiss a suit for missing the deadline by even one day.") (internal citations omitted).

Plaintiff has not responded to the motion to dismiss regarding the timeliness of filing suit or provided any adequate justification for her failure to file by the required

deadline. The ninety-day limitations period is subject to equitable tolling in exceptional circumstances, but courts have generally reserved the remedy for those circumstances truly beyond the plaintiff's control. Hill, 869 F.2d at 1124. Here, plaintiff asserts no basis for equitable tolling. Therefore, the plaintiff's ADA claim will be dismissed as untimely.

Because the complaint will be dismissed on the grounds discussed above, the Court will not address the defendant's challenge to the sufficiency of plaintiff's allegations of disability.

\*\*\*

Accordingly,

**IT IS HEREBY ORDERED** that defendant's motion to dismiss the complaint pursuant to Fed.R.Civ.P. 12(b)(6) [Doc. #7] is **GRANTED**.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 31st day of May, 2013.